TIM McCORMACK, P.J., DISSENTING:
{¶ 26} Fairness in this matter dictates that the trial court should have held an evidentiary hearing to ascertain if there was a sufficient meeting of the minds to constitute an agreement. Where "there is uncertainty as to the terms [of an agreement,] the court should hold a hearing to determine if an enforceable settlement exists." Kostelnik v. Helper , 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 17, citing Rulli v. Fan Co. , 79 Ohio St.3d 374, 376, 377, 683 N.E.2d 337 (1997).
{¶ 27} For a variety of reasons, calling this on-again-off-again negotiation a mutually agreed to, enforceable settlement would be a very troubling precedent. For reasons best known to the parties, they were unable to close this one out. We and the trial court should not step in and finish their work for them.
{¶ 28} These negotiations were being conducted in good faith by two lawyers but the evidence does not show they were ever able to reach an agreement. The omelette never took shape nor did the jello ever form beyond the liquid state. If a clearly outlined, written, signed settlement agreement was the objective of both of the parties, then there would be one to show as the fruit of the discussions.
{¶ 29} The long-established standard to require clear evidence of a meeting of the minds in order to enforce a court-mandated agreement is as compelling in this dispute as it has been since the beginning of the common law of contracts. Informal exploratory emails, phone calls, failed mediation, and all other forms of huffing and puffing do not add up to a finalized negotiation unless the evidence of such is clear.
{¶ 30} This negotiation failed to produce an agreement. It fell apart before anything was signed, before a settlement agreement was ever drafted or circulated, before there was a willing acceptance to end the contest. Approximately one month after the alleged settlement took place, the parties attended a mediation hearing, after which it was journalized that the case did not settle.
{¶ 31} The instinct on the part of this and the trial court to end unessential, prolonged litigation is laudable. There are, though, clear limitations. We are prohibited from creating or finishing binding agreements to hold private parties responsible to terms to which they do not agree. We are not a party to this dispute and should not assume the active role of unwanted referee. For these reasons, I respectfully dissent.